# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Doe 600 and Circle R Ranch, | Case No. 22-CV-1786 (PJS/LIB) |
| Petitioners. | **ORDER** |

Jeffrey R. Anderson, Joshua Peck, and Michael G. Finnegan, Jeff Anderson & Associates, P.A., for Petitioner Doe 600.

Peter M. Waldeck and Jason M. Stoffel, Waldeck. & Woodrow, P.A., for Petitioner Circle R Ranch.

This action comes before the Court on the joint petition of "Doe 600" and Circle R Ranch for a writ of habeas corpus *ad testificandum* for federal prisoner Scott Francis Fortier. *See* ECF No. 3 ("Petition"). For the following reasons, the Court denies the Petition.[1]

In January 2018, after a trial in this Court, a jury convicted Fortier of one count each of producing child pornography (violating 18 U.S.C. § 2251(a)) and possessing child pornography (violating 18 U.S.C. § 2252(a)(4)(B)). *See* Docket, *United States v.*

---

[1] In various filings in this Court, Doe 600 and Circle R Ranch refer to themselves as "Plaintiff" and "Defendant[]," respectively. *See, e.g.*, ECF No. 3 at 1; ECF No. 4 at 1. As discussed more below, however, in this federal-court action, these two parties are *not* a plaintiff and a defendant—indeed, because both parties are asking for the same thing, they are not even adverse. The Court therefore considers it more appropriate to refer to Doe 600 and Circle R Ranch as "Petitioners."

*Fortier*, Case No. 17-CR-0096 (PJS/DTS) (D. Minn.).[2]  This Court sentenced him to 300 months imprisonment.  *See* Sentencing J. at 2, *United States v. Fortier*, Case No. 17-CR-0096 (PJS/DTS) (D. Minn. Nov. 7, 2018).  According to the online inmate locator of the Federal Bureau of Prisons ("FBOP"), Fortier is presently incarcerated at the Federal Correctional Institution at Pekin, Illinois (FCI-Pekin).

In June 2020, Doe 600 sued Circle R Ranch in Minnesota state court.  *See* Register of Actions, *Doe 600 v. Circle R Ranch*, Case No. 02-CV-20-2671 (Minn. Dist. Ct.) ("State-Court Docket").  The suit's gravamen is that Circle R Ranch employed Fortier, that Fortier met Doe 600 while she was also working there, and that Fortier later sexually abused Doe 600.  *See, e.g.*, Compl. 2–7, *Doe 600 v. Circle R Ranch*, Case No. 02-CV-20-2671 (Minn. Dist. Ct. June 22, 2020).  As the Court understands the complaint, Fortier's conduct with Doe 600 (as well as "another minor camper") underpins the child-pornography charges he faced in his federal prosecution.  *See id.* at 4.  The complaint asserts various state-law causes of action—several negligence counts as well as a count based on *respondeat superior*.  *See id.* at 7–12.  The case is presently set for trial starting on October 31, 2022.  *See* State Court Docket.

---

[2] Documents cited in this Order from Fortier's federal prosecution, and from the state-court case between Petitioners discussed below, are not attached to any submissions in this matter.  The cited materials are public court records, however, so this Court may take judicial notice of them.  *See, e.g.*, *United States v. Schneider*, 905 F.3d 1088, 1092 n.1 (8th Cir. 2018) (citing *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005)); *Graybow v. U.S. Bank*, Case No. 22-CV-0055 (SRN/DTS), 2022 WL 2806386, at *2 n.1 (D. Minn. July 18, 2022) (citing cases).

Petitioners want Fortier present at the state trial. *See, e.g.*, Pet. at 1.[3] On June 24, 2022, they jointly filed a petition for a writ of habeas corpus *ad testificandum* in the state-court action. *See* Pet. for and Writ of Habeas Corpus Ad Testificandum at 1, *Doe 600 v. Circle R Ranch*, Case No. 02-CV-20-2671 (Minn. Dist. Ct. June 24, 2022). The state-court judge agreed with the request and signed a writ addressed to FCI-Pekin's warden. *See* Pet. for and Writ of Habeas Corpus Ad Testificandum (court-signed) at 3, *Doe 600 v. Circle R Ranch*, Case No. 02-CV-20-2671 (Minn. Dist. Ct. June 27, 2022).[4]

This action arose because Petitioners have now filed a petition for writ of habeas corpus *ad testificandum* in this Court. *See* Pet. The Petition simply provides this Court with the state-court writ, asking this Court "to issue and file" it. *See id.* at 1. The

---

[3] Because the Petition is a collection of documents and is not consecutively paginated, this Order's references to the Petition use the page numbers provided by the Court's CM/ECF filing system.

[4] The writ states, in relevant part:

> WE COMMAND that on or before October 31, 2022, you have and produce the body of Scott Francis Fortier, register number 21012-041, in your custody in [FCI-Pekin], before the Anoka County District Court, in the Courtroom of Judge Jonathan Jasper, Anoka County Courthouse, . . . so [Fortier] may then appear for live testimony in a civil lawsuit stemming from alleged conduct by Fortier in the State of Minnesota. Trial of the matter is scheduled to begin October 31, 2022 and is scheduled to last through November 11, 2022. Fortier will be required to testify in person at some point during the course of trial at a specific date and time to be determined.

Pet. at 5.

Petition includes very little detail about the state-court case and cited no authority – none -- establishing that this federal court in Minnesota has the power to issue such a writ directed to a prison warden in Illinois. *See id.* at 1–5.

The Court declines to grant the Petition for two interrelated reasons. The first is that, right now, whatever its caption, this case essentially features two petitioners and no respondent. *See* note 1 *supra*. Maybe the FBOP would agree to help ensure Fortier's presence at trial; maybe not. Right now, though, Petitioners want this Court to demand specific FBOP conduct without giving the FBOP any chance to be heard. That gives the Court pause.

Second, there appears to be an established regulatory path for requests like Petitioners'—one that, notably, specifically incorporates FBOP input. Under 28 C.F.R. § 527.30, the FBOP

> will consider a request made on behalf of a state or local court that an inmate be transferred to the physical custody of state or local agents pursuant to state writ of habeas corpus ad prosequendum or ad testificandum. The Warden at the institution in which the inmate is confined is authorized to approve this transfer in accordance with the provisions of this rule.

Section 527.31 sets forth procedures for these requests. *See id.* § 527.31. In particular, § 527.31 discusses substantive standards that an institution's warden should consider when assessing a request. *See id.* § 527.31(b), (g). The Petition does not mention these procedures, much less indicate that Petitioners made any attempt to follow them, *see*

4

Pet. at 1–5, so at this point the Court can only assume that Petitioners have not tried them.

Given this alternative path—a path that would give the FBOP some say about whether it should be ordered to transport Fortier from Illinois to Minnesota—the Court concludes that the best path here is for Petitioners to attempt to secure Fortier's attendance through 28 C.F.R. §§ 527.30–31.  The Court sees no reason for Petitioners not to try this first, particularly since the state-court trial will not begin until October 31, 2022.  *See* Pet. at 3.  The Court therefore denies the Petition, but without prejudice to Petitioners' ability to file a new petition should they be unable to secure Fortier's attendance at trial through other means.

## ORDER

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that the joint petition by "Doe 600" and Circle R Ranch, requesting a writ of habeas corpus *ad testificandum* for federal prisoner Scott Francis Fortier (ECF No. 3), is DENIED without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 4, 2022    s/Patrick J. Schiltz_____
 Patrick J. Schiltz, Chief Judge
 United States District Court

5